UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3-96-cr-74 |
| v. | MEMORANDUM OPINION AND ORDER |
| MINOR LEE FRAZIER,  *Defendant.* | JUDGE NORMAN K. MOON |

Before the Court is Defendant's 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Dkt. 36. The Court will deny the motion because Defendant has raised no circumstances that are so extraordinary and compelling as to warrant a reduction in sentence.

**I**

**Background**

Defendant is serving a 120-month sentence for possessing a firearm as a convicted felon. He shot a man on Christmas Eve in 1995. Dkt. 35 ("PSR") ¶ 3. Then, about three months later, in April 1996, Defendant shot and wounded another man in Nelson County. *Id.* ¶ 24. The Commonwealth of Virginia charged Defendant with malicious wounding and committing felonies with firearms in both incidents. *Id.* ¶¶ 23–24.

In December 1996, a federal grand jury returned a two-count indictment against Defendant for possessing firearms in violation of 18 U.S.C. § 922(g)(1), as he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Dkt. 1.

Defendant pled guilty pursuant to a plea agreement. The Government dismissed Count One, which charged Defendant with firearm possession associated with the Christmas Eve shooting, and he pled guilty to Count Two, which was the count related to the April 1996 shooting. *Id.* ¶¶ 1–2. Senior United States District Judge James Michael sentenced Defendant, imposing a statutory maximum sentence of 120 months. Judge Michael also granted an upward departure from U.S.S.G. § 5G1.3(b). And he imposed 60 months to be served consecutively, rather than have Defendant's sentence run concurrent to his state malicious wounding sentence. Defendant appealed his sentence, and it was affirmed. *United States v. Frazier*, No. 97-4699, 1998 WL 957461, at *2 (4th Cir. Sept. 11, 1998).

Defendant filed a motion for compassionate release on November 20, 2022, represented by counsel. Dkt. 36. He argues that his age and health conditions constitute "extraordinary and compelling reasons" for release. *Id.* at 5.

## II

## Statutory Requirements

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). The Fourth Circuit has held that "district courts are empowered to consider *any*

extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

## Defendant is Not Eligible for Early Release

Defendant argues that extraordinary and compelling reasons warrant early release from his term of imprisonment because of his age and medical conditions, basing his argument in the commentary to U.S.S.G. § 1B1.13.

### A. Age

Comment 1(B) of U.S.S.G. § 1B1.13 dictates that age of the defendant is an extraordinary and compelling reason for compassionate release if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Defendant meets the first prong, as he is 72 years old. Dkt. 36 at 1. Defendant asserts that he has serious health issues, including restless leg syndrome, polyneuropathy, glaucoma, arthritis, benign prostatic hyperplasia, COVID-19 complications, and past acute kidney injury. *Id.* at 6–10. He recognizes that "[i]ndividually it is likely that none of

these conditions provide a compelling reason for compassionate release," but he still argues that "taken together they show the frail and weakened state that [Defendant] is in . . . ." Dkt. 36 at 10. The Government asserts that, except for Defendant's glaucoma, "those conditions are essentially moderate in nature and widely associated with the natural aging process." Dkt. 42 at 5. The Government addresses Defendant's glaucoma as the most serious of Defendant's conditions but notes that "[a]lthough glaucoma can result in vision loss or blindness, treatment can preserve the patient's vision." *Id.* (citing Cleveland Clinic, *Glaucoma*, https://my.clevelandclinic.org/health/diseases/4212-glaucoma (last visited Dec. 5, 2022) (discussing prognosis)). And the Government asserts that "[g]laucoma has not yet resulted in a 'serious deterioration' in Frazier's physical health because his condition is stable and well-managed by treatment providers." *Id.* (citing Dkt. 36 (Ex. 1) at 21 (August 2022 treatment record)). The document cited shows that Defendant's condition was being assessed by medical professionals.

Defendant has not met the third prong of U.S.S.G. § 1B1.13 cmt. 1(B), as he has not served 10 years or 75 percent of his term of imprisonment. On October 18, 2021, Defendant completed the 60-month concurrent portion of his federal sentence. He has served about six years of his federal sentence. And, accounting for good time, he has served approximately 63 percent of his term of imprisonment. Dkt. 42 (Ex. A) at 2 (sentence computation). Defendant argues that "taking into account the related 13-year state sentence, [he] has served more than 75% of his combined 18-year sentence." Dkt. 36 at 3. But as his state sentence was punished as a state offense separate from his federal term of imprisonment, his state sentence should not be counted towards his federal imprisonment term.

Thus, his age is not an extraordinary and compelling reason for early release.

B. <u>Medical Conditions</u>

– 4 –

U.S.S.G. § 1B1.13 also identifies the medical condition of the defendant as a ground for compassionate release. Dkt. 36 at 4–5. Commentary to U.S.S.G. § 1B1.13 discusses that a defendant has an extraordinary and compelling circumstance when

> suffering from serious physical or medical condition . . . or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).

Defendant presents a range of medical issues, but "neither the medical records nor [Defendant] demonstrate (1) that he suffers from a terminal illness, (2) that any of his illnesses have substantially diminished his ability to care for himself while incarcerated in the BOP, or (3) that the BOP cannot treat his medical conditions." *United States v. Crawford*, No. 1:07-CR-317-1, 2019 WL 6615188, at *5 (M.D.N.C. Dec. 5, 2019) (denying compassionate release for a 66-year-old defendant whose medical records show "Hepatitis C, carpal tunnel syndrome, hypertension, esophageal reflux, urinary tract infection, and osteoarthrosis for which he has received extensive treatment, including medical appointments, follow-up appointments, laboratory testing, Hepatitis C treatment, a cystoscopy and catheter placement, treatment following his complaints of dizziness and for a fall, and prescribed medications"); *see also United States v. Yang*, No. 3:20-MJ-86-DSC, 2021 WL 4188415, at *3–4 (W.D.N.C. Sept. 14, 2021). The BOP classifies Defendant as a "Care Level 2" inmate, which means he is a "stable outpatient [] who require[s] clinician evaluations monthly to every six months," and his medical conditions "can be managed through routine, regularly scheduled appointments with clinicians for monitoring." Dkt. 42 (Ex. E) at 1; Federal Bureau of Prisons, *Care Level Classification for Medical and Mental Health Conditions or Disabilities*, at 2 (May 2019), https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Dec. 14, 2022).

– 5 –

Thus, his medical conditions do not constitute an extraordinary and compelling reason for early release.

Defendant also argues that his age and health conditions, particularly his asthma, render him more susceptible to COVID-19, Dkt. 36 at 8–9, but this also is not an extraordinary and compelling reason for early release. He has previously had COVID-19 twice. *Id.* He has refused to be vaccinated. Dkt. 42 (Ex. B) at 2 (documenting refusals of Johnson & Johnson, Moderna, and Pfizer vaccines). A court within this district has noted:

> Many courts have found that an inmate who declines a vaccine, that has been determined to be highly effective, and for whom the vaccine is not medically contraindicated, generally cannot establish an extraordinary and compelling for compassionate release and/or that such refusal is contrary to an assertion that one is at risk.

*United States v. Collins*, No. 7:17-cr-00033, 2021 WL 4991588, at *3 (W.D. Va. Oct. 27, 2021) (citing *United States v. Kirkman*, No. 5:17-CR-220-D, 2021 WL 4891076, at *3 (E.D.N.C. Oct. 19, 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *United States v. Lovelace*, No. ELH-18-623, 2021 WL 4820533, at *13 (D. Md. Oct. 14, 2021); *United States v. Copeland*, No. 6:18-cr-00376-DCC-1, 2021 WL 2349751, at *2 (D.S.C. Jun. 9, 2021); *United States v. Baeza-Vargas*, No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021)). Defendant has thus failed to establish that his COVID-19 risk constitutes an extraordinary and compelling reason.

### III

### Conclusion

As there is no extraordinary and compelling reason justifying early release, Defendant's motion is denied.

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this  15th  day of December 2022.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE